STATE v. JOHNNIE GATTISON.

AND

STATE v. BOBBY GATTISON.

(Filed 9 March 1966.)

**Constitutional Law § 31—**

Where, during the testimony of a witness, the prosecution asks for and receives permission to withdraw the witness, to be recalled later, but closes its case without recalling the witness, defendant, if he wishes to assert his right to cross-examine the witness, must request the court to have the witness return to the stand, and when he fails to do so, he may not assert that he was deprived of his constitutional right of confrontation. Constitution of North Carolina, Art. I, § 2.

MOORE, J., not sitting.

APPEAL by defendants from *Fountain, J.,* November, 1965 Session, NEW HANOVER Superior Court.

In these criminal prosecutions the defendant Johnnie Gattison, in three cases, and Bobby Gattison, in two cases, were indicted for felonious assaults. The cases were consolidated and tried together.

During the trial the State called as its first witness G. W. Davis of the Wilmington Police Force, who testified as to conditions he found at the "Spider Web" where the trouble occurred. His testi-

mony included admissions made by Johnnie Gattison. At this juncture the prosecution asked for and received permission from the court to withdraw Officer Davis, to be recalled later in the trial. The officer was not recalled, though he remained in court. Both the State and the defendants rested, the latter without offering evidence and without requesting the court to order Davis returned to the stand for cross-examination. The defendants' motions for directed verdicts of not guilty were allowed as to the felonies charged in the indictments, but overruled as to the included charges of assaults with deadly weapons. The jury returned verdicts of guilty of the non felonious assaults. The defendants moved that the verdicts be set aside and a new trial ordered because of failure of the State to recall Officer Davis, then in arrest of judgment based upon the same reason. The motions were overruled. From the judgments imposed, the defendants appealed.

*T. W. Bruton, Attorney General, Charles D. Barham, Jr., Assistant Attorney General, Wilson B. Partin, Jr., Staff Attorney for the State.*

*Burney & Burney by John J. Burney, Jr., for defendant appellants.*

PER CURIAM. The defendants, by their assignments of error, questioned (1) the sufficiency of the evidence to make out cases of assault with deadly weapons, and (2) the right of the State to close its case without recalling the witness Davis for cross-examination. The sufficiency of the evidence is challenged in the brief but not on the oral argument. The evidence was ample to make out cases of assaults with deadly weapons.

A defendant on trial for a criminal offense has a fundamental right to cross-examine the prosecution's witnesses who testify against him. The right is guaranteed by Article I, Section 2, of the North Carolina Constitution. Denial of the right is without doubt reversible error. However, in this case has there been a denial of the right? The prosecution withdrew the witness Davis without objection and with the clear implication that he would be recalled for further testimony. In this situation the defendants were not required to object, or waive the cross-examination because they had a right to assume that the opportunity to cross-examine would be afforded when Davis was again on the stand. However, when the State closed, or sought to close, its case without recalling Davis, who was in court, all the defendants had to do was to request the court to have Mr. Davis returned to the stand for cross-examination. However, the

defendants, too, closed their cases without requesting opportunity to cross-examine Mr. Davis. This request, no doubt, Judge Fountain would have honored. The defendants elected to gamble with the jury. The gamble failed to pay off.

No error.

MOORE, J., not sitting.